IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01911-PAB

GINA CASTILLO,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Gina Castillo on July 27, 2016. Plaintiff seeks review of the final decision of defendant Nancy A. Berryhill (the "Commissioner") denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1]

**I. BACKGROUND**

    On November 2, 2012, plaintiff applied for disability insurance benefits under Title II of the Act. R. at 16. Plaintiff alleged that she had been disabled since April 19, 2012, but later amended her claim to allege an onset of disability on April 11, 2013, coinciding with the end of her last continuous period of substantial gainful activity. *Id*. After an initial administrative denial of her claim, plaintiff received a hearing before an

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

Administrative Law Judge ("ALJ") on November 10, 2014. *Id*. On January 16, 2015, the ALJ issued a decision denying plaintiff's claim. R. at 31. The ALJ found that plaintiff had the following severe impairments: lumbar degenerative disc disease, migraine headaches, obesity, and major depressive disorder. R. at 20. The ALJ concluded that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, *id*., and ruled that plaintiff had the residual functional capacity ("RFC") to

> perform a range of light exertional work (20 CFR 404.1567(b) and 416.967(b); SRS 83-10), with the following limitations: the claimant can maintain the concentration, persistence, and pace, necessary to carry out, understand, and remember routine, but not complex, instructions and tasks. She should not have frequent changes in work setting or duties. She is able to interact occasionally with supervisors, co-workers, and the public. The claimant should avoid ladders, ropes, scaffolds, and work at unprotected heights and around moving machinery. She should avoid walking over uneven surfaces. She should avoid exposure to more than "moderate" noise, as that term is defined in the <u>Selected Characteristics of Occupations</u> ("SCO") of the <u>Dictionary of Occupational Titles</u> ("DOT"). The claimant can lift and carry 10 pounds frequently and 20 pounds occasionally. She can sit 6 hours in total in an 8-hour workday. She can stand one hour at a time, and walk 2 blocks at a time, for a total of 6 hours standing or walking in an 8-hour workday. The claimant can occasionally stoop, kneel, and crouch.

R. at 21. Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff is capable of performing jobs that exist in significant numbers in the national economy, such as a routing clerk and a merchandise marker. R at 30.

After the ALJ's decision, plaintiff submitted additional evidence to the Appeals Council that was not before the ALJ at the time of the decision. R. at 5, 689-90. The first piece of additional evidence is a report of an MRI of plaintiff's spine from May 9,

2

2013. R. at 689. It includes a diagnosis that plaintiff had "[s]evere L5-S1 degenerative disc disease with disc bulging abutting the bilateral exiting L5 nerve roots." *Id*. The second piece of evidence is a letter from Erinn Stauter M.D., a staff psychiatrist at Medical Health Center of Denver. R. at 690. It states that plaintiff has been in treatment with Dr. Stauter since February 2014, was diagnosed with major depressive disorder and panic disorder, has taken "low doses" of certain medications with "some efficacy," and is also receiving therapy. *Id*.

On May 25, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's denial of her claim. R. at 1. The Appeals Council considered the new evidence and added it to the record, but found that the added information did not "provide a basis for changing the Administrative Law Judge's decision." R. at 2. Given the Appeals Council's denial, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant

3

evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the

4

evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. The ALJ's Decision

Plaintiff argues that (1) the ALJ's decision is not supported by substantial evidence in light of the new MRI report, Docket No. 15 at 4-6; (2) the ALJ did not properly evaluate plaintiff's credibility, *id*. at 6-7; and (3) the medical evidence does not

5

support the ALJ's findings on plaintiff's RFC. *Id*. at 8.

The Court will address the issue of substantial evidence together with the ALJ's credibility determination because the two are interrelated. The ALJ noted numerous inconsistencies between plaintiff's testimony and the objective medical evidence of record that plaintiff makes no attempt to explain or reconcile. With regard to plaintiff's headaches, plaintiff claimed that "she has to go to emergency for her headaches, on average, once or twice a month," R. at 24 (citing R. at 250), but she only provided evidence that she went to the emergency room for headaches approximately once or twice a year. R. at 25 (noting headache treatment in November 2012, August 2013, and May 2014). Likewise, plaintiff alleged that she has severe back pain, but repeatedly denied any back pain, in particular after stopping her work as a grocery stocker. *Id*. (noting in May 2014, "claimant presented with a migraine but denied having other back or joint pain"); R. at 26 (plaintiff denied any back pain after getting in a fight in September 2014). The ALJ accepted that plaintiff had degenerative disc disease, but noted that plaintiff failed to provide evidence corroborating her claims that an "MRI showed severe nerve root compression" or that "she was advised to have surgery." R. at 25. Even in light of the newly submitted evidence, the ALJ's assessment remains correct. The newly submitted MRI record shows neither severe nerve root compression nor an associated recommendation that plaintiff undergo surgery. R. at 689. Rather, the new record indicates "degenerative disc disease," just as the ALJ found. *Id*. The ALJ also noted that plaintiff's failure to participate in treatment recommended by her orthopedic doctor and physical therapy as well as her "active role in caring for a young child of toddler age" were inconsistent with plaintiff's claims of severe back pain. R. at

26. Plaintiff makes no attempt to explain any of these inconsistencies, which inconsistences provide ample support for the ALJ's finding that plaintiff's plain claims were not credible and her pain is not disabling. *See Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006) (affirming despite new material evidence presented to the Appeals Council because the new evidence did not "undercut the ALJ's finding").

Instead, plaintiff argues that the ALJ improperly relied on the fact that plaintiff drives three times a day and argues that the ALJ's analysis of plaintiff's pain is "contrary to law." Docket No. 15 at 7. These arguments are not persuasive. Plaintiff states that there would be "effort involved" in doing the therapy and that the appointments are an unstated "distance" away. *Id*. As the ALJ found, these are not good reasons to believe that plaintiff could not drive to physical therapy appointments in addition to her other daily car trips if she actually had back pain that needed treatment.[2] Likewise, the ALJ sufficiently, if not explicitly, applied the framework for analyzing pain claims from *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987). *Luna* requires ALJs to determine: "(1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged (what we term a 'loose nexus'); and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012) (citing *Luna*, 834 F.2d at 163-64). As noted, the ALJ determined that plaintiff has "lumbar degenerative disc disease." R. at 20. The ALJ makes no explicit finding as to

---

[2] Plaintiff testified that she was able to drive for up to half an hour without needing to stop due to pain. R. at 66.

whether this impairment could cause pain of the sort alleged, but does analyze the objective and subjective evidence to determine whether plaintiff's plain was disabling, finding that it was not. In particular, the ALJ properly looked to whether plaintiff made "'persistent attempts to find relief for h[er] pain and h[er] willingness to try any treatment prescribed'" as well as "'the claimant's daily activities.'" *Keyes-Zachary*, 695 F.3d at 1167 (quoting *Luna*, 834 F.2d at 165-66) (alterations in original). The ALJ "need not make a 'formalistic factor-by-factor recitation of the evidence'" as long as he "'sets forth the specific evidence he relies on.'" *Id*. (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)). Here, the ALJ's analysis is sufficient under *Luna* because he explains how he relied on the objective medical evidence of record, plaintiff's lack of effort to engage in treatment for her pain, and plaintiff's activities of daily living to conclude that plaintiff's allegations of disabling pain were not credible. R. at 24-26.

Plaintiff's arguments that the ALJ incorrectly determined her RFC are predicated on her arguments that the ALJ erred in evaluating her pain claims. Docket No. 15 at 8 ("Because the ALJ failed in his evaluation of Plaintiff's complaint of pain, his RFC determination is flawed."). Because the Court finds that the ALJ correctly evaluated plaintiff's pain claims, the Court also concludes that the ALJ correctly determined plaintiff's RFC.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff is not disabled is **AFFIRMED**.

DATED March 27, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge